FILED

2010 APR 16  PM 3: 48

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1  WRIGHT, FINLAY & ZAK, LLP
   T. Robert Finlay, Esq., SBN 167280
2  David L. Chaffin, Esq., SBN 258459
   Madeleine K. Lee, Esq., SBN 258520
3  4665 MacArthur Court, Suite 280
4  Newport Beach, CA 92660
5  Tel: (949) 477-5050; Fax: (949) 477-9200

6  Attorneys for Defendant, SAXON MORTGAGE SERVICES, INC.

7
8              UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10
                              **CV10** Case No.: **2846 VBF** (SSx)
11  MANUEL HINOJOSA

12                  Plaintiff,          **NOTICE OF REMOVAL OF**
                                        **ACTION PURSUANT TO 28**
13        vs.                           **U.S.C. § 1441(b) – (Federal**
                                        **Question)**
14  NATIONSTAR MORTGAGE, NEW
15  CENTURY MORTGAGE CORP.,
    SAXON MORTGAGE SERVICES,
16  INC., COUNTRYWIDE HOME
17  LOANS, QUALITY LOAN SERVICES,
    AND DOES 1 THROUGH 20
18
19                  Defendants.
20

21        **TO THE HONORABLE COURT AND ALL PARTIES AND THEIR**

22  **ATTORNEYS OF RECORD, IF ANY:**

23        **PLEASE TAKE NOTICE** that Defendant, SAXON MORTGAGE

24  SERVICES, INC. ("Saxon"), hereby remove to this Court the state court action

25  described below:

26        1.     On March 18, 2010, Plaintiff, Manuel Hinojosa ("Plaintiff"), filed a

27  complaint (the "Complaint") against Saxon and others in the California Superior

28  Court, County of Los Angeles (the "State Court"), Case No. BC434031, entitled

1   *Hinojosa vs. Nationstar Mortgage, et al.* (the "Action").  True and correct copies

2   of the Summons and Complaint are attached hereto and incorporated herein by

3   reference as Exhibit "A".

4                              **FEDERAL QUESTION**

5          **2.**     The Action may be removed to this Court in accordance with 28

6   U.S.C. § 1441(b) since this Court has original jurisdiction, pursuant to 12 U.S.C.

7   § 1331, over the federal questions presented in Plaintiff's Complaint.

8   Specifically, Plaintiff's Complaint asserts causes of action for violations of the

9   following codified laws of the United States:

10          **a.**     Emergency   Economic   Stabilization   and   Corporate

11                     Accountability Act of 2008 (Division A of <u>Pub. L. 110-343</u>):[1]

12          **b.**     Making   Homes   Affordable   Act   or   Home   Affordable

13                     Modification Program ("HAMP");[2]

14          **c.**     The Real Estate Settlement Procedures Act ("RESPA") (12

15                     U.S.C. § 2601 et seq.);[3]

16          **3.**     The Complaint's remaining causes of action assert the following

17   California state law claims:

18          **a.**     Void Foreclosure Sale;[4]

19          **b.**     Unconscionability;[5]

20          **c.**     Violations of Civil Code §§ 2923.52-2923.53;[6]

21          **d.**     Wrongful Foreclosure;[7]

22          **e.**     Breach of Contract;[8]

23          **f.**     Reformation;[9]

24

25   [1] Complaint ¶¶ 64, 72-82, 122-126, 147, 151.
     [2] Complaint ¶¶ 64, 72-82, 122-126, 147, 151.
26   [3] Complaint ¶¶ 183.
     [4] Complaint ¶¶ 85-90.
27   [5] Complaint ¶¶ 91-96.
     [6] Complaint ¶¶ 97-105.
28   [7] Complaint ¶¶ 106-121.
     [8] Complaint ¶¶ 122-126.

-2-

g.   Unfair Business Practices, California Business and Professions Code § 17200 et seq.;[10]

h.   Cancellation;[11]

i.   Rescission;[12]

j.   Quiet Title;[13]

k.   Breach of Fiduciary Duty;[14]

l.   Declaratory Relief;[15]

m.   Injunctive Relief;[16]

Each of the aforementioned state law claims is transactionally related to, and arises out of, the same common nucleus of operative fact as, the federal claims stated above and thus, each state law claim is subject to the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a), as being part of the same case or controversy.

4.   Saxon is unaware if any other named defendant to the Action has received or been served with the summons and Complaint in this Action, although reasonable diligence has been performed to ascertain such information, as well as to reach an authorized individual for each of the remaining defendants. Also, none of the named defendants have appeared in this Action or responded to the Complaint.

///

///

///

///

[9] Complaint ¶ ¶ 127-137.
[10] Complaint ¶¶ 138-152.
[11] Complaint ¶ ¶ 153-157.
[12] Complaint ¶ ¶ 158-164.
[13] Complaint ¶ ¶ 165-170.
[14] Complaint ¶ ¶ 174-178.
[15] Complaint ¶ ¶ 179-184.
[16] Complaint ¶ ¶ 185-189.

NOTICE OF REMOVAL OF ACTION

1       **5.**    Saxon first *received* a copy of the Complaint on March 22, 2010.

2   Saxon, therefore, brings this timely Notice of Removal, as required by 28 U.S.C.

3   § 1446(b) and *Federal Rules of Civil Procedure*, Rule 6.[17]

4                                    Respectfully submitted,

5                                    WRIGHT, FINLAY & ZAK, LLP

6

7   Dated: April 16, 2010        By:

8                                    T. Robert Finlay, Esq.

9                                    David L. Chaffin, Esq.

                                 Madeleine K. Lee, Esq.

10                                 Attorneys for Defendant, SAXON

                               MORTGAGE SERVICES, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[17] See also *Murphy Brothers, Inc., v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322 (1999).

NOTICE OF REMOVAL OF ACTION

EXHIBIT A



FEE WAIVER

FILED IN FORMA PAUPERIS (CRC 985)
PER ORDER DATED _____
AMOUNT RECOVERABLE PURSUANT
TO 68511.3 GC $ _____
PLUS A ONE TIME ADMINISTRATIVE FEE UPON JUDGMENT
IF THE PARTY BECOMES A JUDGMENT CREDITOR.

MANUEL HINOJOSA
37516 Royal Court
Palmdale, CA 93552
Telephone No. (661) 212-7691
Facsimile No. (661) 430-5558

In Pro Per

*A6023*
*93552*
*complex*

D47

*Debre Weintraub*

MAR 18 2010

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 18 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
AMBER LAFLEUR-CLAYTON

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, UNLIMITED JURISDICTION

| | |
|---|---|
| MANUEL HINOJOSA,<br><br>Plaintiff.<br><br>VS.<br><br>Nationstar Mortgage, New Century Mortgage Corp., Saxon Mortgage Services, Inc., Countrywide Home Loans, Quality Loan Services, and DOES 1 through 20<br><br>Defendants. | Case No.:   BC 434031<br><br>**COMPLAINT FOR:**<br>**DECLARATORY   RELIEF   AND**<br>**DAMAGES ARISING FROM:**<br><br>1. **CALIFORNIA CIVIL CODE § 2923.52 VIOLATIONS;**<br>2. **CALIFORNIA CIVIL CODE §§ 2923.52 and 2923.53 VIOLATIONS;**<br>3. **WRONGFUL FORECLOSURE;**<br>4. **BREACH OF CONTRACT – THIRD PARTY BENEFICIARY;**<br>5. **REFORMATION OF LENDER SERVICES;**<br>6. **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200;**<br>7. **VIOLATION OF UNFAIR COMPETITION;**<br>8. **CANCELLATION OF INSTRUMENT;** |

1

COMPLAINT FOR DECLARATORY RELIEF, ETC.

9. DECLARATORY RELEIF;
10. INJUNCTIVE RELIEF;
11. INVALID TRUSTEE SALE;
12. QUIET TITLE;
13. RECESSION IN EQUITY
14. FRAUD IN FACTUM
15. BREACH OF FIDUCIARY DUTY

Plaintiff, MANUEL HINOJOSA, allege herein as follows:

**1.**

**ALL COMMON AND FACTUAL ALLEGATIONS**

a.   **Unconscionable Acts and Violations of Civic Law**

1.   Plaintiff MANUEL HINOJOSA, who is Hispanic was targeted, along with othis Hispanic Americans and solicited by Defendant NEW CENTURY MORTGAGE "NEW CENTURY" to refinance their loan. NEW CENTURY instructed Plaintiff to Sign a number of blank documents, all of which were in English. Plaintiff was told by representatives at NEW CENTURY that they would provide and submit employment/income information for loan approval. Plaintiff later learned that information would be filled out later by agents of NEW CENTURY.

2.   On or about June 19, 2006 Plaintiff MANUEL HINOJOSA ("Plaintiff") signed closing loan documents with the principle loan amount of $308,360.52 with a high initial interest rate of 8.95% ARM due to adjust to more than 12%, with pre-

2

payment penalties, excessive closing costs, broker fees and kick-backs to the loan originator. Such loan was signed in favor of NEW CENTURY.

**3.   b.   <u>Violations of Law and Public Policy</u>**

6.   Plaintiff's loan was subsequently assigned from NEW CENTURY to COUNTRYWIDE HOME LOANS ("COUNTRYWIDE").

8.   COUNTRYWIDE subsequently assigned Plaintiff's loan to SAXON MORTGAGE SERVICING, INC., ("SAXON").

9.   SAXON subsequently assigned Plaintiff's loan back to NEW CENTURY, who then assigned it back to NEW CENTURY, who in turn assigned the loan to NATIONSTAR MORTGAGE.

10.   Plaintiff made repeated attempts with each lender, servicer and mortgagor to modify his loan only to be rebuffed, ignored and delayed ultimately to commence foreclosure against Plaintiff's property.

11.   Plaintiff brings the instant action pursuant to California *Civil Code* section 2923.5 and section 2923.52, *Business and Professions* code section 17200, et seq., and othis statutory and common law in effect. Plaintiff, brings this action against all defendants and DOES 1 through 50 (collectively "Defendants") based, in part, on Defendants' failure to provide a loan modification for the subject loan transaction and lack of legal standing to initiated foreclosure on Plaintiffs' property, recession and fraud in factum.

COMPLAINT FOR DECLARATORY RELIEF, ETC.

11.    In an acting *Civil Code* § 2923.5, the California legislature has found and declared:

> It is **essential** to the economic health of California for the state to ameliorate the deleterious effects on the state economy and local economies and the California housing market that will result from the continued foreclosure of residential properties in unprecedented numbers are modifying the foreclosure process to require mortgagee's, beneficiaries, or authorized agents to contact borrowers and explore options that could avoid foreclosure. **These changes in accessing the state's foreclosure process are essential to ensure that the process does not exacerbate the current crises by adding more foreclosures to the glut of foreclosed properties already on the market lien a foreclosure could have been avoided.** Those additional foreclosures will further destabilize the housing market with significant, corresponding the leader us effects on the local and state economy.
>
> (See Sections 1 (d) of Stats. 2008,c.69 (S.B. 1137) (Emphasis added).

12.    In enacting the statute, the California Legislature has determined that unnecessary foreclosures can and should be avoided. Further, loan modifications should be offered in an effort to stabilize the current economic crisis:

> <u>**This act is necessary to avoid unnecessary foreclosures of residential properties and thereby provide stability to California's statewide and regional economies and housing market**</u> by requiring early contact and communications between mortgagees, beneficiaries, or authorized agents and specified borrowers to explore options that

---

4

could avoid foreclosure and by facilitating the modification or restructuring of loans in appropriate circumstances.

See Sections 1 (g) of Stats. 2008,c.69 (S.B. 1137) (Emphasis added).

The California Legislature has also declared the act as an urgency statute:

**This act is an urgency statute** necessary for the immediate preservation of the public peace, health, or safety within the meaning of Article IV of the Constitution.

See Sections 10 (a) of Stats. 2008,c.69 (S.B. 1137) (Emphasis added).

13.     In recently enacting *Civil Code* section 2923.52, the California Legislature has found and declared:

It is essential to the economic health of California for the state to ameliorate the deleterious effects that will result from the continued high rate of foreclosure of residential properties by modifying the foreclosure process to provide additional time for borrowers to work out loan modifications while providing an exemption for mortgage loan servicers.... If the foreclosure may be avoided through a loan modification.

(See Sections 2(b) of Stats.2009-2010, 2nd Ex.Sess., c. 5 (A.B.7). Emphasis added.

14.     As discussed below and is discussed below, foreclosure of the subject property can and should be avoided.  Plaintiff seeks declaratory relief from the Court, specifically that Defendants be ordered to comply with *Civil Code* section 2923.5 and 2923.52 and the Making Home Affordable Program, by offering Plaintiff a loan modification.

**4.**

## PARTIES

32.    The Plaintiff MANUEL HINOJOSA, is a natural person, and is and at all times relevant, residing at 37516 Royal Court, Palmdale, California, 93552 (the "Subject Property").

33.    Plaintiff is informed and believes that, at all relevant times mentioned in this complaint, Defendant NEW CENTURY MORTGAGE was and is a California corporation duly licensed under the Consumer Loan Act, which regularly conducts business activity in the county of Los Angeles, State of California.  Plaintiffs are informed and believe that NEW CENTURY'S business activities included subprime lending or othiswise extending credit to persons in residential real estate transactions and loan servicing and/or acting on behalf of actual lenders.  Further, it is believed that at all times herein mentioned was, a member of the National Banking Association, and at all times herein was conducting intrastate business in the State of California.

34.    Plaintiffs are informed and believe that, at all relevant times mentioned in this complaint, Defendant SAXON is a Delaware corporation duly licensed under the Consumer Loan Act, which regularly conducted business activity with Los Angeles County, California residents. SAXON as Trustee for Master Asset Backed Securities, Mortgage Electronic Registration, Corp. ("MERS") is the trustee of an

alleged deed of Trust on the subject property.  Plaintiffs further allege that U.S. BANK at all times herein mentioned was, a member of the National Banking Association, and at all times herein was conducting intrastate business in the State of California.

35.   Plaintiffs are informed and believe that, at all relevant times mentioned in this complaint, Defendant NATIONSTAR is a Delaware corporation duly licensed under the Consumer Loan Act, which regularly conducted business activity within Los Angeles County, California residents.  Plaintiffs are informed and believe that NATIONSTAR business activities included subprime lending or othiswise extending credit to persons in residential real estate transactions and loan servicing and/or acting on behalf of actual lenders.  Further, it is believed that at all times herein mentioned NATIONSTAR was, a member of the National Banking Association, and at all times herein was conducting intrastate business in the State of California.

36.   Plaintiffs are informed and believe that, at all relevant times mentioned in this complaint, Defendant QUALITY is a California corporation duly licensed under the Consumer Loan Act, which regularly conducted business activity within Los Angeles County, California residents.  Plaintiffs are informed and believe that WMC'S business activities included subprime lending or othiswise extending

7

credit to persons in residential real estate transactions and loan servicing and/or acting on behalf of actual lenders.  Further, it is believed that at all times herein mentioned QUALITY was, a member of the National Banking Association, and at all times herein was conducting intrastate business in the State of California.

37.    Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1- 50 and Therefore sue those defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiffs are informed and believes and thiseon alleges that each of the fictitiously named defendants claims some right, title, estate, lien, or interest in the Property adverse to plaintiff's title, and their claims constitute a cloud on plaintiff's title.

49.    Plaintiffs are informed and believe that some of the defendants are the agents, servants, and/or employees of the remaining Defendants, and in doing the things described in this complaint were acting within the scope of their agency and/or employment.

50.    The causes of action alleged herein apply equally and jointly and severally to all of the Defendants to the extent that they were agents, servants, and employees of each othis and were acting within the scope of such agency or employment while engaged in the acts, omissions, and othis conduct alleged in this

---

8

Complaint, or the alleged acts, omissions, and othis conduct of each Defendant were subsequently ratified or adopted by the othis Defendants.

51.     Plaintiffs are informed and believes, and thiscon alleges, that each Defendant is an at all times herein was, the agent, employee, alter-ego, principal, employer, servant, co-conspirator of each of the remaining co-Defendants, and in committing the acts herein alleged, was acting in the scope of their authority as such agents, employee, alter-ego, principal, employer, servant co-conspirator, principals and with the permission and consent of the remaining co-Defendants.

52.     DOES 1-50, inclusively, are individuals and/or businesses whose forms are unknown and were agents, principals, employees, employers, and co-conspirators of each and every othis named or unnamed Defendants in this complaint. Plaintiffs are informed and believes, and thiseon alleges, that each such defendant was acting in the scope of their authority as such agents, employee, alter-ego, principal, employer, servant, co-conspirator, principals and with the permission and consent of the remaining co-Defendants named and unnamed.

53.     The true names and/or capacities of Defendants 1-50, inclusive, are unknown to Plaintiff, and Therefore they sue said Defendants by such fictitious names. Plaintiffs are informed, believe, and thiseon allege that each of the Defendants fictitiously named herein as DOE is responsible for the events and

9

happenings hereinafter referred to and thereby proximately caused the injuries and damages to Plaintiffs as hereinafter alleged. Plaintiffs will seek leave of the Court to amend this complaint to allege the true names and/or capacities of said DOE Defendants.

54.   Whisever in this Complaint an act or omission alleged herein apply equally and jointly and severally to all of the Defendants to the extent that they were business entity or corporation, agents, servants, and employees of each othis and were acting within the scope of such agency or employment while engaged in the acts, omissions, and othis conduct alleged in this Complaint, or the alleged acts, omissions, and othis conduct of each Defendant were subsequently ratified or adopted by the othis Defendants.

## 4.

## FURTHER FACTUAL ALLEGATIONS

**d.    Facts With Respect To Loan Origination**

55.   On June 19, 2006, the Plaintiffs entered into a consumer credit transaction with NEW CENTURY by executing a promissory note in favor of NEW CENTURY.  This Note was secured by a Deed of Trust and payable to NEW CENTURY.  The original Deed of Trust purports to designate MERS as its "nominee" with respect to the mortgage.

10

56.    Further, NEW CENTURY illegally and wrongful conduct was designed and implemented fraudulent and predatory lending practices towards Hispanics and other minorities.   They acted in targeting Hispanics and other minorities. COUNTRYWIDE aided and abetted NEW CENTURY in its fraudulent and predatory lending activities by providing substantial financing and loan servicing to NEW CENTURY for fraudulent and predatory lending activities including, but not limited to, making warehousing financing available for NEW CENTURY to fund its loans to Plaintiff and members of the class without actual knowledge of NEW CENTURY'S fraudulent and predatory lending activities.

57.    NEW CENTURY and COUNTRYWIDE'S common scheme to defraud borrowers is well documented as represented by the in-depth investigation by (and settlement with) the California Attorney General's Office; current similar litigation against Countrywide by hundreds of borrowers throughout the country; previous similar litigation against Countrywide by thousands of borrowers in a four-state certified class action, and in a certified class action pending in the District Court of the State of California.

58.    NEW CENTURY'S sales force targeted vulnerable prospective borrowers, and then followed uniform training to systematically mislead these targets into taking loans that had negative, unwanted, and undisclosed common features and

11

charges. Among othis things, NEW CENTURY and COUNTRYWIDE had, at all times relevant, common policies and practices to achieve its scheme by: (a) targeting homeowners with mortgage and othis consumer debt through illegal solicitations to obfuscate and conceal material loan terms; (c) inducing borrowers to refinance their existing mortgages with promises of lower monthly payments; and (d) encouraging account executives to close loans by whatever means necessary, including high pressure and misleading sale tactics.

59.    Defendants in this action preyed upon Plaintiff through a series of predatory and abusive lending practices through a series of predatory and abusive lending practices, including making misrepresentations about essential terms of the loan; using bait-and-switch, fraud, charging unreasonable, unearned and duplicative fees, induced Plaintiff to surrender their primary interest in the property through fraud and misrepresentation, failure to explain unexpected and problematic loan terms such as prepayment penalties, fraudulent gift letters, cash paid back to borrows to induce as incentive to complete sale, which was not disclosed in the HUD-1 settlement statement, undisclosed payments from the seller to borrower.

60.    These actions were willful and malicious. Indeed, based on information and belief, Defendants and their employees have gone public about fraudulent

mortgage practices, which have resulted in a litany of lawsuits filed, by municipalities, states and individuals.

61.    Plaintiff is informed and believe that this loan transaction was subsequently assigned improperly to COUNTRYWIDE, who in-turn or subsequently, improperly assigned the loan transaction to SAXON, who in-turn or subsequently, improperly assigned the loan transaction to NATIONSTAR, who in-turn or subsequently, improperly assigned the loan transaction to QUALITY.

62.    Plaintiff is unaware who currently services this loan (hereinafter "loan transaction").

63.    The subject property is Plaintiffs' principal residence and was owner occupied at the time of the subject loan transaction.

64.    It was reasonably foreseeable by Defendants that Plaintiff would be in payment default on the subject loan; however, Plaintiff can afford to make monthly mortgage payments if the loan is modified in accordance with the Home Affordable Modification Program.

65.    The Defendants, and each of them failed to respond or act upon Plaintiff's loan modification proposals to foreclosure, all in violation of California Civil Code § 2923.5 and § 2923.52.

66.   To summarize, Plaintiff can enter into a loan modification that affordable to him and is one which would be more profitable to Defendants than foreclosure. Therefore, the proposal should be accepted by Defendants and/or ordered by the Court.

67.   Defendants have caused a Notice of Default and Notice of Trustee Sale to be recorded on Plaintiff's property. (*The Notice of Default is attached an incorporated herein as Exhibit A*). Prior to filing the Notice of Default and Notice of Trustee Sale, Defendants failed to offer Plaintiff a loan modification compliant with § 2923.5 because they did not contact the borrower to discuss options to avoid foreclosure and did not file a proper declaration pursuant to § 2923.5.

68.   Despite the fact Plaintiffs have made numerous attempts at a loan modification, beginning in early 2008, Plaintiffs began discussing with NEW CENTURY and COUNTRYWIDE to bring the loan current and requested an accurate accounting of their loan.  Plaintiffs further requested a loan modification and/or loan workout or restructure.  Plaintiffs provided all of the required financial information, hardship letters and othis required documentation.

69.   However, defendants NEW CENTURY AND COUNTRYWIDE continued to delay Plaintiffs and not responding to their repeated request for loan modification.

14

70.   After exhaustive efforts by Plaintiff at an attempt to have their loan modified, Defendants simply failed and refused to comply with the Section requirements of *Civil Code* §2923.5 for a Notice of Sale declaration of contact or list of efforts made at contacting plaintiff and othis homeowners in similar situations.   Several new sections were added to the California *Civil Code*. One section, 2923.5, requires the mortgagee, trustee, beneficiary, or authorized agent to include a declaration in any notice of default. The declaration must state that the party has contacted the borrower *in effort to work out a solution to the default*.

71.   As a result of Defendants' bad faith and refusal to comply with California law and statutes, Plaintiffs have brought the instant First Amended Complaint for Injunctive Relief from the Court, among Plaintiffs' othis claims.

**B.**   **Facts With Respect To The Emergency Economic Stabilization Act of 2008 and TARP**

72.   In addition, the Emergency Economic Stabilization Act of 2008 (EESA) was signed into law on October 3, Z008. In implementing the Act, the United States Treasury has instituted a number of programs, including the "Making Homes Affordable" Act, NEW CENTURY, SECURITY BANCORP and COUNTRYWIDE Program, and Capital Assistance Program, among othiss.

See http://www.financialstability.gov/roadtostability/programs.htm.

---

15

COMPLAINT FOR DECLARATORY RELIEF, ETC.

73.   The purpose of the Emergency Economic Stabilization Act of 2008 (EESA), 110 P.L. 343, §109 as stated below:

Sec. 109. FORECLOSURE MITIGATION EFFORTS. (a) RESIDENTIAL MORTGAGE LOAN SERVICING STANDARDS.--To the extent that the Secretary acquires mortgages, mortgage backed securities, and othis assets secured by residential real estate, including multifamily housing, the Secretary shall implement a plan that seeks to maximize assistance for homeowners and use the authority of the Secretary to encourage the servicers of the underlying mortgages, considering net present value to the taxpayer, to take advantage of the HOPE for Homeowners Program under section 25-7 of the National Housing Act or othis available programs to minimize foreclosures. In addition, the Secretary may use loan guarantees and credit enhancements to facilitate loan modifications to prevent avoidable foreclosures.

(b) COORDINATION.--The Secretary shall coordinate with the Corporation, the Board (with respect to any mortgage or mortgage-backed securities or pool of securities held, owned, or controlled by or on behalf of a Federal reserve bank, as provided in section ll(a)(l)(C)), the Federal Housing Finance Agency, the Secretary of Housing and Urban Development, and othis Federal Government entities that hold troubled assets to attempt to identify opportunities for the acquisition of classes of troubled assets that will improve the ability of the Secretary to improve the loan modification and restructuring process and, whise permissible, to permit bona fide tenants who are current on their rent to remain in their homes under the terms of the lease. In the case of a mortgage on a residential rental property, the plan required Under this section shall include protecting Federal. State, and local rental subsidies and protections, and ensuring any modification takes into account the need for operating funds to maintain decent and safe conditions at the property.

(c) CONSENT TO REASONABLE LOAN MODIFICATION REQUESTS.--Upon any request arising under existing

16

investment contracts, the Secretary shall consent, whise appropriate, and considering net present value to the taxpayer, to reasonable requests for loss mitigation measures, including term extensions, rate reductions, principal write downs, increases in the proportion of loans within a trust or othis structure allowed to be modified, or removal of othis limitation on modifications.

74.    The Troubled Assets Relief Program (TARP) was established under the EESA with the specific goal of stabilizing the United States financial system and preventing a systemic collapse. The U.S. Department of Treasury has established several programs under the TARP to stabilize the financial system including the NEW CENTURY, and COUNTRYWIDE Program and the Making Homes Affordable Program.  See *Road to Stability Programs,* Updated May 7, 2009, available at:

http://www.financialstability.gov/roadtostability/programs.htm

76.    The Capital NEW CENTURY, and COUNTRYWIDE Program (CPP) is a voluntary program.

77.  Under the CPP, the U.S. Department of Treasury provides 5 immediate influx of capital, under standardized terms, in return for preferred equity securities issued by financial institutions. This influx of U.S. Government funds intended to provide immediate capital to stabilize the financial and banking system.

http://www.financialstability.gov/roadtostability/CPPfactsheet.htm

78.  Participation in the voluntary CPP IS governed by standardized term as outlines by Treasury guidelines and the provisions contained in the standard contracts each participating entity entered into.

79.  Pursuant to the plans, and the authority provided by H.R. 1424 Title, Sec. 109-110, the United States Treasury has ordered as follows:

42.  **Mortgage Foreclosure Mitigation:** All recipients of capital investment under the Financial Stability Plan will be required to commit to participate mortgage modification program.

http://www.financialstability.gov/aboutitransparencyaccountability.html (April 6, 2009.)

80.  According to the Homeowner Affordability and Stability Plan, the Home Affordable Modification Program, and the United States Treasury Supplemental Directive 09-01 (hereinafter collectively referred to as the "Making Home Affordable Program"), the Treasury Department requires all Financial Stability Plan recipients to participate in foreclosure mitigation plans consistent with the U.S. Treasury's loan modification guidelines. And to ensure that borrower currently at risk of foreclosure has the opportunity to apply for the Making Home Affordable Program, servicers should not proceed with a foreclosure sale until the borrower has been evaluated for the program and, if eligible, an offer to participate in the program has been made. Servicers

must use reasonable effort to contact borrowers facing foreclosure to determine their eligibility for the Making Home Affordability Program, including in-person contacts at the servicer discretion.

81. The subject property is eligible for modification under the Making Home Affordable Program. For example, the subject property is an owner occupies single family 1-4 unit property; is Plaintiff's primary residence; and is not investor owned, vacant, or condemned. Moreover, the subject loan is equal to or less than $729,750 and the subject loan has never previously been modified under the Making Home Affordable Program. Despite Plaintiff's qualification under the Making Home Affordable Program, as of the date of filing of this First Amended Complaint, Defendant NEW CENTURY AND COUNTRYWIDE has not made any reasonable efforts to contact Plaintiff to determine his eligibility for the Making Home Affordable Program.

82. Furthermore, Defendants NEW CENTURY AND COUNTRYWIDE is one of many Residential Mortgage Servicers committed to the Home Affordable Modification Program through a formal Participation Agreement with the United States of America. (*Participation Agreement is attached and incorporated herein as Exhibit A*).

83. As a recipient of TARP funds, and pursuant to the Participation

Agreement, NEW CENTURY AND COUNTRYWIDE is subject to the U.S. Treasury's modification program guidelines for the Making Home Affordable Program. Said guidelines promulgated on March 4, 2009, which clearly require "[Any foreclosure action ... be temporarily suspended during the trial period, or while borrowers are considered for alternative foreclosure prevention options. In the event that the Home Affordable Modification or alternative foreclosure options fail, the foreclosure action may be resumed." Therefore, Plaintiff seeks an order from the Court that a foreclosure sale should be postponed indefinitely until Defendants determine Plaintiffs' eligibility for the Making Home Affordable Program and an order from the Court that the defendants make an offer of a home loan modification compliant with the Making Home Affordable Program.

<u>FIRST CAUSE OF ACTION</u>
<u>(Invalidate Void Trustee Sale)</u>

85.    Plaintiffs hereby incorporate by reference the allegation of all previous paragraphs contained herein, as if fully set forth herein verbatim.

86.    The foreclosure sale of the subject property scheduled for March 19, 2010 is invalid because it did not comply with the requirements of California *Civil Code* § 2924 et seq.,

1) California Civil Code § 2924c(e) permits Plaintiffs the right to reinstate the loan at any time up to five business days before the trustee's sale;

4.)   Pursuant to California Civil Code § 2924(c)(2) The sale was conducted in violation of an express statutory duty to postpone after Plaintiffs reached an agreement and the trustee's sale should have been postponed as a work-out agreement had been negotiated and the lender waived their right to foreclosure;

5.) The foreclosure sale is void due to foreclosure trustee's lack of authority to conduct sale;

6) Breach of agreement of loan agreement, failure to renew term note, loan servicer interference and negligent loan management; and

7)Trustee knew that the right to foreclosure was disputed and failed to postpone or restrain the sale.

8) Civil Codes §§legislature SB 1137 (Civil Code §§ 2923.5 and 2824.8.) which requires the mortgage lender or servicer to contact the troubled homeowner in order to discuss their mortgage problems. The attempt to communicate is supposed to be recorded and attached to the Default Notice. Thise is no evidence that the lenders or servicer ever made such an attempts they were ever considering negotiating with Plaintiff.   Thise are a number of homeowners that are being victimized by lenders and servicers failure to comply with this new law. Defendants have simply failed and refused to comply with the Section requirements of CC §2923.5 for a Notice of Sale declaration of contact or list of efforts made at contacting plaintiff and othis homeowners in similar situations.

87.   Plaintiffs are informed and believes and thiseupon alleges that the amount stated in the Notice of Trustee Sale is grossly inaccurate.  Defendants have not provided and itemized accounting for these amounts although a request before the

21

foreclosure sale was requested by Plaintiffs. This inaccuracy is significant and invalidates the foreclosure process.  This inaccuracy has made it impossible for Plaintiffs to undertake effective action to reinstate or redeem the secured obligation.  These inaccuracies denied Plaintiffs of the protections and procedures of California Civil Code § 2924 et seq..  They specifically have precluded Plaintiffs from refinancing or redeeming property.

88.    Plaintiffs also requests the Court to find that the agreement which defendant NEW CENTURY and NATIONSTAR entered into with Plaintiffs be found to be unconscionable as defendant by California Civil Code § 1670.5.

89.    The Notice of Trustee Sale, does not contain the information required in California Civil

90.    A judicial declaration is necessary and appropriate at this time and under these circumstances in order that plaintiff may ascertain their rights and duties and avoid the specter of loss of property.  Such trustee's sale, absent a judicial determination negating the Notice of Trustee Sale would cause Plaintiff unjust loss of home and denial of due process.

## SECOND CAUSE OF ACTION

## UNCONSCIONABILITY

91.  Plaintiff realleges and incorporates by reference all previous paragraphs alleged herein this complaint. Civil Code 1670.5(a) states:

> If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made, the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

92.  The mortgage agreement which Plaintiff entered into with NEW CENTURY and defendants 1 through 10 which was apparently assigned to various servicers, is unconscionable.   The unconscionability of the contract has been previously detailed in this complaint.

93.  All negotiations of the loan were conducted in Spanish and the loan documents were drawn up in English.  Thise was never any translation of the documents in the native language of Spanish for the Plaintiff.

94.  The loan recitals were misrepresented to Plaintiff.  Defendants, and each of them, sought to impose upon Plaintiffs a mortgage agreement which carried excessive interest fees, kick back fees and othis wrongs.  The loan true nature was concealed from Plaintiff.

---

23

95.    The June 19, 2006 promissory note was incomprehensible, filled with legalese in English and never provided to plaintiff in Spanish.  The promissory note and othis documents were written in cryptic language that was designed to confuse the common man and never truly address certain promises, conditions and executions of the loan contract.  The language was written to give the mortgagor, note holder, trustor the authority unequal authority to treat the loan contract to their benefit.  The contract itself was specifically crafted with the intent to gain the upper hand and to insure Plaintiffs or any othis bi-lateral party did not comprehend its terms, which in turn permits defendants and their successors to mislead Plaintiffs and othis parties to the contract thereby financially profit from its terms.

96.    Further, the loan was purposely designed to be obfuscate and to conceal material loan terms, inducing borrowers to refinance their existing mortgages with promises of lower monthly payments, and to encourage account executives to close loans by whatever means necessary.

## THIRD CAUSE OF ACTION AGAINST NEW CENTURY
## AND COUNTRYWIDE, NATIONSTAR, QUALITY AND DOES 1-10
## (Violations of California Civil Code §§ 2923.52 and 2923.53)

97.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

24

98.   Pursuant to California Civil Code § 2923.52

(a) Notwithstanding paragraph (3) of subdivision (a) of Section 2924, a mortgagee, trustee, or othis person authorized to take sale shall not give notice of sale until at least 90 days after the lapse of three months as set forth in paragraph (2) of subdivision (a) of Section 2924, in order to allow the parties to **pursue a loan modification to prevent foreclosure**....

99.   The subject loan transaction secured by residential real property which Plaintiffs occupy as a principal residence at the time the subject loan became delinquent, Defendants are required to pursue loan modification with Plaintiff in order to prevent foreclosure on the subject property.

100.  California *Civil Code* § 2923.52 (b), however, states: This section does not apply to loans serviced by a mortgage loan servicer if that mortgage loan servicer has obtained a temporary or final order of exemption pursuant to Section 2923.53 that is current and valid at the time the notice of sale is given.

101.  NEW CENTURY, NATIONSTAR, QUALITY AND COUNTRYWIDE has applied for, and has received exemption from Civil Code § 2923.52 because NEW CENTURY AND COUNTRYWIDE has represented to the California Department Of Corporations that it has a comprehensive loan modification program that meets the requirements of Civil Code § 2923.53. (*See complete list of exempted lenders at: http://www.corp.ca.gov/FSD/CFP/pdf/ExemptList.pdf.*

102.  Specifically, in applying for and receiving an *exemption* from § 2923.52, Defendant QUALITY has represented to the California Department of Corporation that it is in compliance with Civil Code § 2923.53, in that their comprehensive loan modification plan includes all of the following features:

1) The loan modification program is intended to keep borrowers who's principal residences are homes located in California in those homes when the anticipated recovery under the loan modification or workout plan exceeds anticipated recovery through foreclosure on a net present value basis.

2) The loan modification program targets a ratio of the borrower's housing related debt to the borrower's gross income of 38 percent or less, on an aggregate basis in the program.

**3) The loan modification program includes some combination of the following features:**

**(A) An interest rate reduction, as needed, for a fixed term of at least five years.**

**(B) An extension of the amortization period for the loan term, to no more than 40 years from the original date of the loan.**

**(C) Deferral of some portion of the principal amount of the unpaid principal balance until maturity of the loan.**

**(D) Reduction of principal.**

103. Despite the fact that Defendant QUALITY maintains that it has a comprehensive loan modification plan in place, the Defendants have failed,

refuse and/or neglected to evaluate Plaintiff for a loan medication or othis foreclosure prevention alternatives as outlined herein.

104. Therefore, Defendants NEW CENTURY AND COUNTRYWIDE and U.S. BANK NATIONAL unjustifiably violate Civil Code § 2923.52 by providing Plaintiff with a Notice of Trustee Sale before evaluating Plaintiffs for a Loan Modification.

105. As a result of the aforementioned violations of § 2923.52, Plaintiffs seek the following Declaratory Relief from the Court:

> **a. An order that the Notice of Default is void or cannot be issued until Defendants have evaluated plaintiff for a loan modification;**

> **b. An order that the Notice of Trustee Sale is void or cannot be issued until Defendants have evaluated plaintiff for a loan modification;**

> **c. An order from that the foreclosure sale should be postponed indefinitely until options to avoid foreclosure are explored with the borrower as required by § 2923.5 and § 2923.52.**

## FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Wrongful Foreclosure)

106. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

107. Plaintiffs are informed and believes, and thiseupon alleges, that Defendants,

NEW CENTURY, QUALITY, NATIONSTAR AND COUNTRYWIDE, TRUSTEE, and DOES 1-10 inclusive, will conduct a Trustee's sale of the subject real property ostensibly to collect the unpaid balance on the note secured by the security instrument that was recorded on or about November 17, 2008 in the Office of the County Recorder for Los Angeles County as Document No. 08 1041908

108. Plaintiff is the owner in fee of the real property identified as 37516 Royal Court, Palmdale, California 93552 prior to the sale identified herein.

The Deed of Trust designates Defendant MERS as the beneficiary.

109. However, the Deed of Trust states that "MERS" is a separate corporation that is acting solely as a nominee for Lender and Lender's successor and assigns. MERS as its beneficiary under this Security Instrument."

110. Based on the language in the Deed of Trust, MERS had no beneficial interest in the underlying note which was secured by the Deed of Trust. Even though it is listed as a "beneficiary", it has no ownership interest in the note or mortgage. MERS is not an economic "beneficiary" under the Deed of Trust. It is owed and will collect no money from Plaintiff under the note, nor will it realize the value of the subject property through foreclosure of the Deed of Trust in the even if the note is not paid.

111. MERS did not, and could not, assign the underlying note to LITTON

COMPLAINT FOR DECLARATORY RELIEF, ETC.

and/or NEW CENTURY AND COUNTRYWIDE because it was only a nominee without any beneficial interest.

112. NEW CENTURY AND COUNTRYWIDE or Quality have no interest in the note and Therefore no right to directly in the foreclosure of the subject property.

113. NEW CENTURY AND COUNTRYWIDE, NATIONSTAR, QUALITY and/or MERS issued a Notice of Default on the subject property; however, NEW CENTURY AND COUNTRYWIDE, NATIONSTAR, QUALITY and/or MERS had no legal standing to issue the Notice of Default given that NEW CENTURY AND COUNTRYWIDE, NATIONSTAR, QUALITY and/or MERS had no interest in the note or deed of trust. The deed of trust identifies NEW CENTURY as the lender, which is a company that has no relation to NATIONSTAR, QUALITY and/or MERS.

114. NEW CENTURY AND COUNTRYWIDE, NATIONSTAR, QUALITY and/or MERS, DOES 1-10 have and had no rights to initiate foreclosure under the security instrument, nor did they have the right to direct the Trustee to foreclose and sell the subject property owned by Plaintiffs. NEW CENTURY AND COUNTRYWIDE, and DOES 1-10, inclusive, knew or reasonably should have known that they had no right to foreclose the security instrument unless and

29

until they actually have in their possession the original note properly endorsed, recorded and properly assigned to them as of a date preceding the notice of default recorded by the Trustee.

115. *Code of Civ. Proc.* § 2934a's substitution of trustee provisions, and the Notice of Default and any corresponding Notice of Trustee Sale should be declared void.

116. Plaintiff alleges that the Defendants, Does 1-10, and each of them, so acting in this case in disregard with respect to othis mortgage or trust deed security instruments proactively engage in a pattern of utilizing the non-judicial foreclosure procedures of this State to foreclose on properties when they do not, in fact, have the right to do so, knowing that the property owners affected do not have the knowledge and means to contest the right of said Defendants to do so.

117. Plaintiffs' by this pleading demand a detailed accounting of how the amounts stated in the Notice of Default and Notice of Trustee Sale have been calculated so that Plaintiff an adequately evaluation of Plaintiffs' rights under the law with Plaintiffs' presale rights of reinstatement and redemption.

118. The subject property is unique. Therefore, should Defendants, DOES 1-10, and each of them, show why they should not be enjoined; if not, Plaintiffs will suffer irreparable injury for which thise is no adequate remedy in law when

30

COMPLAINT FOR DECLARATORY RELIEF, ETC.

Defendants proceed to sell the subject property to a third party who may be a bona

fide NEW CENTURY, QUALITY and COUNTRYWIDE for value.

119. In all of the wrongful acts alleged in this Complaint, Defendants, and

each of them, including DOES 1-10, in pursuing non-judicial foreclosure,

Defendants and each of them represented that they had the right to payment

under the note, payment of which was secured by the security instrument.

California *Civil Code* § 2932.5 governs the power of sale under assigned

mortgage or deed of trust, and provides that the power of sale can only vest in

a person entitled to money payments. "Whise a power to sell real property is

given to a mortgagee, or othis encumbrances, in an instrument intended to

secure the payment of money, the power is part of the security and vests in any

person who by assignment becomes entitled to payment of the money secured

by the instrument. The power of sale may be exercised by the assignee if the

assignment when it is duly acknowledged and recorded." Id. (Emphasis added).

120. However, upon information and belief, thise have been no assignments

in the chain of title that have been duly acknowledged and recorded. In

particular, thise are no assignments duly acknowledged and/or recorded

whereby WMC, the original mortgagee, assigned its beneficial interests under

the subject loans the Defendants NEW CENTURY AND COUNTRYWIDE,

COMPLAINT FOR DECLARATORY RELIEF, ETC.

NATIONSTAR, QUALITY and/or MERS who claim to have the present right to foreclose. Since NEW CENTURY AND COUNTRYWIDE, NATIONSTAR, QUALITY and/or MERS never received an interest in the note or Deed of Trust, they have no right to foreclose on the subject property nor did they have the right to substitute the trustee under the Deed of Trust.

121. Therefore, Defendants, and each of them, misrepresented thise intending to eithis force Plaintiff to pay large sums of money to Defendants an each of them, to which they were not entitled under law, or to abandon Plaintiffs' property.

## FIFTH CAUSE OF ACTION AGAINST
## NEW CENTURY AND COUNTRYWIDE, LITTON, U.S. BANK NATIONAL AND DOES 1-10

### (Breach of Contract - Third Party Beneficiary)

122. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

72. Both QUALITY and NATIONSTAR entered into a Participation Agreement with the Treasury Department April 16, 2009.

123. Pursuant to the     of the Participation Agreement, QUALITY and NATIONSTAR "agreed to work diligently, under existing programs, to modify the terms of residential mortgages as appropriate to strengthen the health of the U.S. housing market."

32

124.   NATIONSTAR and QUALITY breached the Participation Agreement by its failure perform loan modification and othis foreclosure prevention services. Among othis omissions, NATIONSTAR and QUALITY failed to conduct the net present value assessment set forth in the program guidelines for Plaintiffs, and AHMSI and LITON failed to temporarily suspend any foreclosure action while Plaintiffs were being considered for alternative foreclosure prevention options.

125.   Plaintiffs are intended beneficiaries of the Participation Agreement between the parties as eligible borrowers are identified in the contract and receive performance directly from the promisor, NATIONSTAR and QUALITY.

126.   As a direct and proximate result of NATIONSTAR and QUALITY'S breach of the Participation Agreement, Plaintiffs have been damaged in an amount to be determined by this Court.

## SIXTH CAUSE OF ACTION
### Reformation of Lender Services

127.   Plaintiffs reallege and incorporate by reference the above paragraphs as set forth fully herein.

128.  Plaintiffs allege that NEW CENTURY AND COUNTRYWIDE, NATIONSTAR, QUALITY committed a fraud against Plaintiffs in that NEW

33

CENTURY AND COUNTRYWIDE, NATIONSTAR, QUALITY employees and/or agents intentionally misrepresented to Plaintiffs that NEW CENTURY and COUNTRYWIDE, would only make a loan that Plaintiffs could afford to pay, said Defendant did not disclose the terms and conditions for repayment, interest, annual percentage rate, prior to obtaining Plaintiffs' signatures upon the deed of trust, and Plaintiffs were not informed at any time what the terms and conditions were contained in the loan produced by NEW CENTURY and COUNTRYWIDE.

129.  Plaintiffs allege that pursuant to Civil Code section 3399, that the loan documents which were executed did not truly express the intention of Plaintiffs, more particularly that the loan would have a repayment schedule that Plaintiffs could afford.

130.  Plaintiffs allege that utilization of any reasonable underwriting guidelines, Plaintiffs had no hope whatsoever of repaying the loan in as much as the initial payments.

131.  On or about, June 19, 2006, Plaintiff financed and obtained a loan for $308,000.00 plus, evidenced by a Trust Deed and Note on their home through NEW CENTURY, a Mortgage Banker, which actually provided the funding. Plaintiff alleges that the loan contract was procedurally and substantively unconscionable because while the Plaintiffs' stated income at the time of making

COMPLAINT FOR DECLARATORY RELIEF, ETC.

the loan was unknown to Plaintiffs, whiseas, the payment on the loan which was $308,000.00 plus and $2,473.00 per month, exceeded the Plaintiffs' spendable income, the employees and/or agents of NEW CENTURY did not disclose to Plaintiffs the terms and conditions of the repayment, and Plaintiffs executed documents without any explanation whatsoever.

132.  Plaintiffs allege that the employees and/or agents of NEW CENTURY and SECURITY represented that said employees and/or agents could work-around the fact that Plaintiffs' credit was not in good standing and could get Plaintiffs approved for the loan.  Defendants did not disclose at any time to Plaintiffs that the initial loan payment would exceed their entire income.

133.  Plaintiffs allege that the loan contract, deed of trust and accompanying documents were offered to Plaintiff on a take it or leave it basis.

134.  Plaintiffs allege that Defendants NEW CENTURY had a superior bargaining strength over Plaintiffs, and that Plaintiffs were relegated only the opportunity to adhise to the contract or reject it, that NEW CENTURYdrafted all of the documents related to the loan, that no negotiations were possible between Plaintiff and NEW CENTURY and that the contract was a contract of adhesion.

135.  Plaintiffs allege that the loan was unconscionable in that the repayment terms were unfair and unduly oppressive, because the payments exceeded Plaintiffs

entire combined income and as such, Defendants, and each of them, cannot enforce the terms and conditions of the loan against Plaintiffs, and any non-judicial foreclosure arising thise from is void.

136.   Plaintiffs are informed and believe and thiseupon allege that Defendants, and each of them, entered into a fraudulent scheme, the purpose of which was to make a loan to Plaintiffs, which Defendants, and each of them, were keenly aware that Plaintiffs could not afford, at a cost way above the then prevailing market rate, made loans to Plaintiffs and falsely represented to Plaintiffs that they could not qualify for any othis financing, that Plaintiffs could not qualify under any reasonably underwriting guidelines, that such scheme was devised to extract illegal and undisclosed compensation from Plaintiffs by virtue of an undisclosed yield spread premium and which Defendants, and each of them, shared in some presently unknown percentage.

137.   Plaintiffs allege that the court has by and through its inhisent power and discretion, and further under the purview of *Civil Code section 3399*, the power to reform the terms of the loan to meet the Plaintiffs' expectations of the loan, its terms, the principal amount of the loan, interest, and that the court place fair market value of the property of approximately $500,000.00, for purposes of reforming the terms and conditions of the loan.

36

COMPLAINT FOR DECLARATORY RELIEF, ETC.

# SEVENTH CAUSE OF ACTION

## Violation of Business and Professions Code Section 17200

138. Plaintiffs reallege and incorporate by reference the above paragraphs as set forth fully herein.

### A.   Plaintiff Suffered Damages As a Result of Defendants' Conduct:

139. As a direct result of Defendants' acts, Plaintiffs have incurred actual damages consisting of mental and emotional distress, nervousness, grief, embarrassment, loss of sleep, anxiety, worry, mortification, shock, humiliation, indignity, pain and suffering, and othis injuries.

140. Plaintiffs incurred out of pocket monetary damages.

141. Plaintiffs continue to incur monetary damages.

142. Plaintiffs will incur the loss of their personal residence if a non-judicial foreclosure is allowed to proceed.

143. Each of Defendants harassing acts were so willful, vexatious, outrageous, oppressive, and maliciously calculated enough, so as to warrant statutory penalties and punitive damages.

COMPLAINT FOR DECLARATORY RELIEF, ETC.

## EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Violation of California's Unfair Competition Law, Bus. & Prof. Code § 17200, et seq.)

144. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

145. The Court has jurisdiction over this action pursuant to Business and Professions Code § 17200 et seq., specifically Business and Professions Code § 17203, which provides any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction; and the court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition; and Business and Professions Code section 17204, which provides for actions for "relief pursuant to the Unfair Competition Law to be prosecuted exclusively. In court of competent jurisdiction by any board, officer, person, corporation or association or by any person acting for the interests of itself, its members or the general public.

146. At all times relevant to this First Amended Complaint, Defendants were

COMPLAINT FOR DECLARATORY RELIEF, ETC.

lenders or servicers who were in the business of providing and/or servicing residential mortgages to the general public and was acting within the scope of that business with regard to the loans provided to Plaintiffs.

147. As set forth above, the predicate unlawful business acts and lawful practices include Defendants' failure to comply with the California Civil Code sections 2923.5 and § 2923.52, the Rosenthal Fair Debt Collection Practices Act, the initiation of foreclosure on the subject property without legal standing to do so, breached of their HAMP Participation Agreement, and Defendants' failure determine Plaintiffs' eligibility for the Making Home Affordable Program.

148. Thus, Defendants acted unlawfully in that they violated the California's Civil Code § 2923.5 and § 2923.52, the Rosenthal Fair Debt Collection Practice Act, initiated a wrongful foreclosure, breached the Participation agreement, and failed to determine Plaintiffs' eligibility for the Making Home Affordable Program.

150. Plaintiffs are informed and believes, and based thiseon alleges, that the illegal acts of Defendants are a serious threat to Plaintiff because these illegal acts have allowed, or will allow, Defendants to wrongfully foreclose on the Subject Property, transfer title or interest of the Subject Property, and to

COMPLAINT FOR DECLARATORY RELIEF, ETC.

cause the imminent eviction of Plaintiffs from their home. Because of Defendants' illegal actions Plaintiffs may be forced out of the Subject Property. Such eviction will cause Plaintiffs to suffer further immediate and irreparable injury, loss, and damage.

151.    As a direct, proximate, and foreseeable result of the unlawful conduct of Defendants, their business acts or practices have caused injury to Plaintiffs and will continue to cause injury to Plaintiffs if not restrained by this court and an Order issued instructing Defendants to comply with The agreement to comply with the HAMP guidelines.

152.    Whisefore, Plaintiffs are entitled to equitable relief, including restitution, disgorgement of all profits accruing to Defendants because of its unlawful and deceptive acts and practice, fees and costs, declaratory relief, and a permanent injunction enjoining Defendants from their unlawful activity.

## NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Cancellation of Instrument)

153. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

COMPLAINT FOR DECLARATORY RELIEF, ETC.

154.  As a result of the wrongful and/or illegal acts of Defendants NEW CENTURY AND COUNTRYWIDE, NATIONSTAR, QUALITY, TRUSTEE and DOES 1-10, the instrument purported to be a valid Trustee's Deed, or othis such instrument of transfer are invalid.  The alleged Trustee Sale is invalid.

155.  This Notice of Default, Notice of Trustee Sale and potentially any Trustee's Deed or othis such instrument purporting to transfer title of the Subject Property from Plaintiff to Defendants is invalid as an instrument of transfer.

156.  Plaintiffs will suffer further serious injury in that Defendants or their representatives, agents, or assignees will eject Plaintiffs and their family from their home, and/or transfer title of the Subject Property to a third party if the invalid instrument is allowed to stand.

157.  Whisefore, Plaintiffs pray for judgment and relief as more fully set forth below.

## TENTH CAUSE OF ACTION
### Recession In Equity

158.  Plaintiff realleges and incorporates by reference the preceding allegations contained herein.

159.  Based on the above-referenced facts, the subject loan transactions are void and voidable.

160.   The subject loan transactions are unlawful for causes which do not appear in its terms  and conditions, and the parties are not equally at fault, pursuant to California Civil Code sections 1689(b)(5), 2924 and 1632.

161   The public interest will be prejudiced by permitting the subject transactions to stand pursuant to California Civil Code § 1689(b)( 6).

162.   Plaintiff has offered a loan modification proposal to Defendants as substitute tender and offer to do equity.

163.   Due to the current economic recession, restoration or offer to restore is not essential.

164.   Plaintiff  would have been above to rescind this loan under the Truth in Lending Act, but for the statutory limitations.   Therefore, Plaintiff prays for rescission in equity.


## ELEVENTH CAUSE OF ACTION

### (Quiet Title)

165.   Plaintiff realleges and incorporates by reference the preceding allegations contained herein.

166.   Plaintiffs incorporate hise each and every allegation set forth above. Defendants and each of them claims an interest adverse to Plaintiffs interest in the

COMPLAINT FOR DECLARATORY RELIEF, ETC.

Property, in the form of the Deed of Trust recorded pursuant to the loan transaction and the Trustee's Deed recorded pursuant to the foreclosure sale, and Plaintiff is seeking to quiet title against the claims of Defendants under such Deed of Trust and Trustee's Deed. Plaintiffs desire and are entitled to a judicial declaration quieting title.

167. Plaintiff is the owner in fee of title to property commonly known as 37516 Royal Court, Palmdale, CA 93552. The basis of Plaintiffs' title is a grant deed to the property.

168. Defendants claim and assert interests in the above-described real property which are adverse to plaintiffs. The claims of defendants are based on the deeds of trust.

169. The deeds of trusts are invalid and void as to Plaintiffs' property because Plaintiff is entitled to offsets against the promissory notes that are secured by the deeds of trusts, and these offsets are greater in amount than the sum that would othiswise be due under the promissory notes, and/or Plaintiffs are entitled to rescission of the promissory notes and deeds of trust such that Defendants' claim to the property is released.

170. Plaintiffs seek to quiet title as of the date of the complaint is filed.

## TWELFTH CAUSE OF ACTION

### (Breach of Fiduciary Duty)

174.  Plaintiffs hereby incorporate by reference the preceding allegations of paragraphs herein, as if fully set forth herein verbatim.

175.  Said Defendants, and othis defendant acted in the capacity of a mortgage loan broker and/or financial advisor, loan Servicer, trustee and brokers on behalf of Plaintiff and thereby owed a fiduciary duty to Plaintiff.

176.  Plaintiffs understood that Defendants were acting on their behalf in the capacity of a mortgage broker, loan financiers and/or financial advisor to them.

177.  Said Defendants owed Plaintiffs a fiduciary duty of the highest good faith. Fair dealing, loyalty, honesty and truthfulness toward Plaintiffs and were charged with a duty of full disclosure of all material facts concerning the transactions described herein that might have affected Plaintiffs' decision to enter into the loan.

178.  Plaintiffs are informed and believe and thiseon allege that Defendants, and each of them, breached their fiduciary duty to Plaintiffs by engaging in the fraudulent conduct alleged herein.

44

# FOURTEENTH CAUSE OF ACTION FOR DECLARATORY RELIEF

179.  Plaintiffs incorporate all preceding Paragraphs of the General Allegations as though such have been fully set forth herein.

180.  An actual controversy exists in which the parties must ascertain their rights, duties and right to title in the Subject Property.

181.  A judicial determination is necessary that the parties may ascertain their rights, duties and right to title in the Subject Property.

182.  The parties desire that the court may a judicial determination as to their rights, duties and right to title in the Subject Property.

183.  An actual controversy has arisen and now exists between Plaintiff and Defendants, and each of them, concerning their respective rights, obligations and duties as it relates to the Subject Property. In particular, on one hand, Plaintiffs contend: (a) that failing to comply with R.E.S.P.A. as more particularly alleged in paragraph 18 defendants are not entitled to proceed with the foreclosure until such compliance occurs; and (b) on information and belief, that defendants are not othiswise entitled to continue with said foreclosure because of the lack of proper statutory execution of the deed of trust as more fully alleged herein. On the othis hand Defendants contend that Plaintiffs have not tendered the correct amount owing, that they are not required to respond to Plaintiff's R.E.S.P.A. Notice or that

COMPLAINT FOR DECLARATORY RELIEF, ETC.

they have responded or that they are not subject to said law, and further contend that said Deed of Trust has been properly executed pursuant to *California Civil Code Sections 1624, 2924 et seq, Civil Code 1632.*

184. Plaintiff desires a judicial determination of Defendants rights, obligations and duties, and a declaration as to who owns Plaintiff's Subject Property.

## FIFTEENTH CAUSE OF ACTION:
### Injunctive Relief Against Defendants

185. Plaintiffs reallege and incorporates by reference the above paragraphs as though set forth fully herein.

186. Defendants do not have standing or enforceable right to enforce the note and any incidental right to collateral so as to foreclose on Plaintiffs' Home, including without limitation, conducting a trustee's sale relative to that property.

187. Defendants threaten to, and unless restrained, will attempt to evict Plaintiff from his home after conducting a fraudulent trustee's sale, or othiswise.

188. Any such action would result in a new causes of action and cause irreparable harm to Plaintiff, and will cause pecuniary compensation which will not afford adequate relief because Plaintiffs' Home is unique.

COMPLAINT FOR DECLARATORY RELIEF, ETC.

189.  Injunctive relief is necessary to enjoin Defendants from attempting to remove Plaintiff from his home before this matter can be decided, since they lack standing and any enforceable rights under the Promissory Note.

**WHISEFORE**, Plaintiff prays judgment as follows:

1.    For an Order, requiring Defendant to recall and quash their Trustee Sale and revert full title to Property to Plaintiffs, and/or a restraining order preventing Defendants and his, hiss, or its agents, employees, officers, attorneys, and representatives from engaging in or performing any of the following acts: (i) offering, or advertising this property for sale and (ii) attempting to transfer title to this property and or (iii) holding any auction Therefore;

2.    For costs of suit incurred herein;

3.    For reasonable attorney's fees provided by contract or statute; and

4.    For such othis and further relief as the court may deem just and proper.

5.    For compensatory damages according to proof at time of trial;

6.    For special damages according to proof at time of trial;

8.    For punitive damages subject to proof at time of trial;

9.    Recession;

47

COMPLAINT FOR DECLARATORY RELIEF, ETC.

12.   For an Order, requiring Defendant to reinstate Plaintiffs on title to their Property, and or a restraining order preventing Defendants and his, hiss, or its agents, employees, officers, attorneys, and representatives from engaging in or performing any of the following acts: (i) offering, or advertising this property for sale and (ii) attempting to transfer title to this property and or (iii) holding any auction Therefore.

Dated: March 16, 2010

_Manuel Hinojosa_
MANUEL HINOJOSA
In Pro Per

48

COMPLAINT FOR DECLARATORY RELIEF, ETC.

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Manuel Hinojosa
37516 Royal Court
Palmdale, CA 93552

TELEPHONE NO.: 661-212-7691        FAX NO.:
ATTORNEY FOR (Name): In Pro Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS:
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: CENTRAL

**FOR COURT USE ONLY**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 16 2010

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
AMBER LAFLEUR-CLAYTON

CASE NAME:
HINOJOSA v. NATIONSTAR MORTGAGE, et al.

CASE NUMBER: BC 484031

| CIVIL CASE COVER SHEET | Complex Case Designation | |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) |

JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [✓] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [ ] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): 15
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 16, 2010

Manuel Hinojosa
_____
(TYPE OR PRINT NAME)

▶ _Manuel Hinojosa_
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Hinojosa v. Nationstar Mortgage | BC43403 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item 1. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 2   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|
| 1. Class Actions must be filed in the County Courthouse, Central District. |
| 2. May be filed in Central (Other county, or no Bodily Injury/Property Damage). |
| 3. Location where cause of action arose. |
| 4. Location where bodily injury, death or damage occurred. |
| 5. Location where performance required or defendant resides. |
| 6. Location of property or permanently garaged vehicle. |
| 7. Location where petitioner resides. |
| 8. Location wherein defendant/respondent functions wholly. |
| 9. Location where one or more of the parties reside. |
| 10. Location of Labor Commissioner Office. |

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109  (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Hinojosa v. Nationstar Mortgage | |

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☑ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Hinojosa v. Nationstar Mortgage | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Hinojosa v. Nationstar Mortgage | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS 37516 Royal Court Palmdale, CA 93552 |
|---|---|
| ☐1. ☑2. ☐3. ☐4. ☐5. ☑6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: Palmdale | STATE: CA | ZIP CODE: 93552 | |
|---|---|---|---|

Item IV. *Declaration of Assignment.* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Los Angeles _____ courthouse in the CENTRAL _____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: March 16, 2010 _____

_Manuel Hinojosa_
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Valerie Baker Fairbank and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV10- 2846 VBF (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

**[X] Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

**[ ] Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

**[ ] Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>MANUEL HINOJOSA | **DEFENDANTS**<br>NATIONSTAR MORTGAGE, NEW CENTURY MORTGAGE CORP., SAXON MORTGAGE SERVICES, INC., COUNTRY WIDE HOME LOANS, QUALITY LOAN SERVICES |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Manuel Hinojosa<br>37516 Royal Court<br>Palmdale, CA                    Telephone: (661) 212-7691 | Attorneys (If Known)<br><br>WRIGHT, FINLAY & ZAK, LLP<br>T. Robert Finlay, Esq. SBN 167280, David L. Chaffin, Esq. SBN 258459<br>4665 MacArthur Court, Suite 280<br>Newport Beach, CA 92660            Telephone: (949) 477-9200 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

| | III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.) | | |
|---|---|---|---|

☐ 1 U.S. Government Plaintiff ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☑ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ unknown

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. § 2601 et. seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☑ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV10 2846

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff resides in Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All Defendants conduct business in Los Angeles County | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| The real property at issue is located in Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date April 16, 2010

   **Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |